J-S76021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TEREL DARNELL DIXON | |
| Appellant | No. 930 WDA 2014 |

Appeal from the Order May 22, 2014
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0001027-2010

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OLSON, J.

JUDGMENT ORDER BY PANELLA, J.          **FILED FEBRUARY 5, 2015**

Appellant, Terel Darnell Dixon, appeals *pro se* from the order entered May 22, 2014, by the Honorable Kim Tesla, Court of Common Pleas of Beaver County, which denied his "Motion to Compel to the President Judge of the Court."  We affirm.[1]

On August 5, 2011, Dixon entered an open guilty plea to one count of third-degree murder.  On August 12, 2011, the trial court sentenced Dixon to 12 to 30 years' imprisonment.  Dixon did not file a post-sentence motion or direct appeal.  Dixon filed a timely *pro se* PCRA petition.  The PCRA court appointed counsel, who filed an amended PCRA petition.  Following an evidentiary hearing, the PCRA counsel entered an order dismissing Dixon's

---

[1] Dixon has filed with this Court a Motion to Compel the Commonwealth's response to his Appellate Brief.  This motion is denied.

PCRA petition. On appeal, this Court affirmed the order denying PCRA relief, and the Pennsylvania Supreme Court denied allocatur on May 6, 2014. *See Commonwealth v. Dixon*, 1987 WDA 2012 (Pa. Super., filed Aug. 20, 2013) (mem. op.), *allocatur denied*.

On May 13, 2014, Dixon filed a *pro se* Motion to Compel,[2] in which he alleged that he had submitted for filing a PCRA petition alleging ineffective assistance of counsel on December 18, 2013, but that the petition was not reflected on the court's docket. Dixon requested that the court enter an order compelling the clerk of courts to file the petition, and the Commonwealth to respond to same. *See* Motion to Compel, 5/13/14. By letter dated May 14, 2014, the Beaver County Clerk of Courts office informed Dixon that it had not received a PCRA petition for filing on December 18, 2013. On May 22, 2014, the lower court entered an order denying Dixon's motion, on the basis that no such PCRA petition existed of record. This timely appeal followed.

Our review of the record confirms that, contrary to Dixon's assertions otherwise, a PCRA petition was not received by the Beaver County Clerk of Courts office on or about December 18, 2013.[3] On this basis alone, we

---

[2] Dixon was permitted to proceed in this matter *pro se* following a *Grazier* hearing held on May 1, 2013.

[3] Dixon attached to his motion a copy of his Integrated Offender Case Management System Monthly Account Statement, reflecting a withdrawal of $1.92 for postage on December 18, 2013. There is still no indication on the
*(Footnote Continued Next Page)*

affirm the court's order denying Dixon's motion to compel, as there is simply no petition of record to compel either the filing of or a response thereto. We further note that even if the PCRA petition had been properly filed on December 18, 2013, it would have been dismissed. At that time, the resolution of Dixon's first PCRA petition was still pending on appeal. It is well-settled that "a subsequent PCRA petition cannot be filed until the resolution of review of a pending PCRA petition by highest state court in which review is sought, or at the expiration of time for seeking such review." ***Commonwealth v. Green***, 14 A.3d 114, 116 n.2 (Pa. Super. 2011) (citation omitted).

Order affirmed. Motion to compel denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2015

_(Footnote Continued)_ _____

docket that a PCRA petition was received for filing around that date. Notably, a copy of the PCRA petition is not attached to Dixon's motion.